UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Eric Christian,

    Plaintiff

v.

United States of America,

    Defendant

Case No.: 2:24-cv-01160-JAD-NJK

**Order Denying Motions and Striking Fugitive Filings**

[ECF Nos. 11, 17, 18, 19, 20, 21, 22, 23]

    Plaintiff Eric Christian is a prolific pro se filer in this court. The dozens of actions he's filed in this district since 2012 have almost all been dismissed as improperly commenced, frivolous, harassing, or nonsensical. They're all based on Christian's fantastical theory that constitutional violations he suffered during federal criminal prosecutions in the Central District of California in 1999 and in this district in 2009[1] entitle him to billions of dollars in recompense in the form of mansions and luxury cars. And the only thing standing in the way of his receipt of these billions of dollars in assets, he believes, is this court's refusal to sign a writ of execution. So he invariably sues judges, the U.S. Attorney, the courts, the U.S. Marshal, the Clark County Sheriff, Nevada's Governor, and the United States of America in case after case, trying to get the court to issue this magical writ.

    Christian directs this particular suit at the current U.S. Attorney for the District of Nevada, Jason Frierson. He alleges that a "summary judgment" in his 1999 criminal prosecution in the Central District of California and a "forfeited summary judgment" in a 2017 civil case that was dismissed in this district[2] entitle him to a judgment against the United States for

---

[1] *United States v. Christian*, 2:09-cr-303-JAD-VCF; and 2:99-cr-1120-SVW in the Central District of California

[2] *Christian v. Lombardo*, 2:17-cv-1707-RFB-DJA.

$2,135,000,000.[3] He keeps filing proposed writs of execution and attachment and motions requesting that they be entered immediately.

But all of these filings are fatally premature. When a plaintiff seeking to proceed *in forma pauperis*, as Christian is here,[4] files a lawsuit in this district, the magistrate judge first screens his complaint to determine under 28 U.S.C. § 1915(e)(2) whether the action "is frivolous or malicious," fails to state a colorable claim, or "seeks monetary relief against a defendant who is immune from such relief."[5] "The purpose of" this early judicial-screening requirement is "to ensure that the targets of frivolous or malicious suits need not bear the expense of responding."[6] As this court's advisory letter to Christian in this case explained, "The Court will review your complaint before docketing and serving the complaint on the defendants. The court will 'screen' your complaint to identify any 'colorable' claims."[7] That screening order may take "several months," and "[t]he Court will order service upon defendants when it is time to do so."[8]

Christian's amended complaint in this case has not yet been screened—indeed, it was filed just six weeks ago.[9] So it has not yet been determined whether he states any colorable, non-frivolous claims, and the court has not yet ordered the complaint to be served on the defendant. At a minimum, this procedural status makes all of Christian's pending motions fatally premature,

---

[3] ECF No. 4 at 5.

[4] ECF No. 1.

[5] 28 U.S.C. § 1915(e)(2).

[6] *Nordstrom v. Ryan*, 762 F.3d 903, 907 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

[7] ECF No. 3 at 1.

[8] *Id.* at 2.

[9] *See* ECF No. 4.

as the magistrate judge explained to Christian when denying an earlier round of such motions for the very same reason.[10]

So IT IS ORDERED that Christian's pending motions for various relief **[ECF Nos. 17, 18, 20, 22] are DENIED as premature. Christian is cautioned that unless and until this court screens his complaint and allows a claim to move forward, requests for writs, default, or any other relief are premature and will be denied on that basis.**

IT IS FURTHER ORDERED that Christian's proposed writs and "forfeiture" notices **[ECF Nos. 11, 19, 21, 23] are STRUCK** as fugitive documents.

_____
U.S. District Judge Jennifer A. Dorsey
August 14, 2024

---

[10] *See* ECF No. 15. While ECF 17 is titled "Objection and Motion for Reconsideration," and thus has been docketed as an appeal of the magistrate judge's denial of the other premature motions at ECF No. 15, nothing in that largely inscrutable filing persuades me that the magistrate judge's denial was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Local Rule IB 3-1. So, to the extent that ECF 17 can be fairly construed as an appeal from or objection to the magistrate judge's without-prejudice denial of those motions, I also deny it as meritless.

3