1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERIC CHRISTIAN,

      Plaintiff(s),

v.

UNITED STATES OF AMERICA,

      Defendant(s).

Case No. 2:24-cv-01160-JAD-NJK

**REPORT AND RECOMMENDATION**

12        District courts have the authority to dismiss cases *sua sponte* without notice when the
13  plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th
14  Cir. 1988).  A complaint should be dismissed for failure to state a claim upon which relief may be
15  granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his
16  claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).
17  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or
18  delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, "a
19  finding of factual frivolousness is appropriate when the facts alleged rise to the level of the
20  irrational or the wholly incredible, whether or not there are judicially noticeable facts available to
21  contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a
22  complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies,
23  unless it is clear from the face of the complaint that the deficiencies could not be cured by
24  amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  "When a case may
25  be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and
26  so no reason to grant leave to amend."  *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000)
27  (en banc).
28

Plaintiff's amended complaint alleges that he was awarded "summary judgment" in his criminal prosecution in the Central District of California, Docket No. 4 at 4-5, as well as a "forfeited summary judgment" in a civil suit in this District, *see id.*  Plaintiff also raises numerous other allegations, including related to a car replacement and tow, that a California state court ruling was actually an act of identity theft, that his criminal sentence was actually an injunction involving a celebrity, that his jury trial in Nevada state court was a *Miranda* violation, that he is owed relief under the Nevada victim compensation fund, that local police "trashed" his intellectual property, and that Black Doll Inc. falsified documents to defame him.  *See id.* at 6-7.  Based on these allegations, Plaintiff seeks $2,135,000,000 from the current United States Attorney for the District of Nevada.  *See id.* at 5.  In light of the delusional factual scenario and nonexistent legal interest at issue, Plaintiff's complaint is appropriately dismissed.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: September 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).