UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eric Christian,<br><br>　　Plaintiff<br><br>v.<br><br>United States of America,<br><br>　　Defendant | Case No.: 2:24-cv-01160-JAD-NJK<br><br>**Order Adopting Report and Recommendation to Dismiss Case and Denying Motions**<br><br>[ECF Nos. 1, 28, 30, 32, 35, 36] |

　　Plaintiff Eric Christian is a prolific pro se filer in this court. The dozens of actions he's filed in this district since 2012 have all been dismissed as improperly commenced, frivolous, harassing, or nonsensical. They're all based on Christian's fantastical theory that events during his federal criminal prosecutions in the Central District of California in 1999[1] and in this district in 2009[2] entitle him to billions of dollars in recompense in the form of mansions and luxury cars. And the only thing standing in the way of his receipt of these billions of dollars in assets, he believes, is this court's refusal to sign a writ of execution. So he invariably sues judges, the U.S. Attorneys, the courts, the U.S. Marshal for this district, the Clark County Sheriff, Nevada's Governor, and the United States of America in case after case, trying to get the court to issue this magical writ.

　　Christian directs this particular action at the current U.S. Attorney for the District of Nevada, Jason Frierson. He alleges that a "summary judgment" in Christian's 1999 criminal prosecution in the Central District of California and a "forfeited summary judgment" in a 2017

---

[1] 2:99-cr-1120-SVW (C.D. Cal.).

[2] *United States v. Christian*, 2:09-cr-303-JAD-VCF.

civil case that was dismissed in this district[3] entitle him to a judgment against the United States for $2,135,000,000.[4] He keeps filing proposed writs of execution and writs of attachment—along with motions requesting that they be issued immediately.

Because Christian applies to proceed *in forma pauperis*, the magistrate judge screened his complaint. She accurately summarizes his multitudinous and disconnected case theories this way:

> [Christian] alleges that he was awarded "summary judgment" in his criminal prosecution in the Central District of California, as well as a "forfeited summary judgment" in a civil suit in this district. [He] also raises numerous other allegations, including related to a car replacement and tow, that a California state-court ruling was actually an act of identity theft, that his criminal sentence was actually an injunction involving a celebrity, that his jury trial in Nevada state court was a *Miranda* violation, that he is owed relief under the Nevada victim compensation fund, that local police "trashed" his intellectual property, and that Black Doll Inc. falsified documents to defame him. Based on these allegations, [Christian] seeks $2,135,000,000 from the current United States Attorney for the District of Nevada.[5]

The magistrate judge characterizes all of this as a "delusional factual scenario" with a "nonexistent legal interest at issue," and she recommends that this case be dismissed with prejudice.[6]

Christian objects to that recommendation and moves for reconsideration.[7] His submission is largely inscrutable, but three themes emerge. The first is that the magistrate judge

---

[3] *Christian v. Lombardo*, 2:17-cv-1707-RFB-DJA.

[4] ECF No. 4 at 5.

[5] ECF No. 28 at 2 (cleaned up).

[6] *Id*.

[7] ECF No. 29.

did not have jurisdiction to issue her recommendation.[8] This assertion is legally unsound. Both 28 U.S.C. § 636(b) and this court's local rule IB 1-4 give the magistrate judges the power to "file findings and recommendations for disposition by the district judge."[9] So Magistrate Judge Koppe was engaged in a proper exercise of jurisdiction when she reviewed Christian's complaint and issued her report and recommendation for its dismissal.[10]

Christian's second theory is that dismissal is inappropriate and this court must issue writs of execution against Nevada's U.S. Attorney Jason Frierson for more than two billion dollars because Frierson's failure to respond to Christian's filings in this case means that Christian wins by default.[11] But Frierson's obligation to respond to anything filed in this case never arose because service was not ordered or effectuated.[12] No time limit for response has expired, and Frierson is not in default.

The final theory that can be distilled from Christian's filing is that dismissal is inappropriate because the relief he's seeking in this case "has already been ordered."[13] This argument is based on a nonsensical web of erroneous assertions about the effect of years of actions or inactions in dozens of cases across several jurisdictions. It is not based in fact, law, or any reasonable reading of the many, many rulings entered in cases involving Christian—almost

---

[8] *Id*. at 14.
[9] L.R. IB 1-4.
[10] ECF No. 28.
[11] ECF No. 29 at 9.
[12] *See* ECF No. 15 ("Here, Plaintiff's application to proceed *in forma pauperis* has not yet been decided and his complaint has not yet been screened. *See* Docket. Therefore, Plaintiff's motions—which rely on his inaccurate contention that his complaint was filed and that Defendants have been served and have failed to respond—are properly DENIED.").
[13] ECF No. 29 at 8.

all of them adverse to him. No monetary award, settlement, victim compensation, judgment, or order of any kind has been issued that entitles Christian to any relief.

In sum, Christian's claims are founded on a fantastical theory and are wholly frivolous—as has been demonstrated over and over again with each iteration of this case that Christian has filed and had dismissed.[14] His objections and request for reconsideration have failed to demonstrate otherwise. Both the Ninth Circuit Court of Appeals and the United States Supreme Court have repeatedly held that district courts may dismiss such patently meritless actions without leave to amend.[15] IT IS THEREFORE ORDERED that:

- Christian's motion for reconsideration and objections to the report and recommendation **[ECF Nos. 29, 30[16]] are DENIED AND OVERRULED;**

- The magistrate judge's report and recommendation **[ECF No. 28] is ADOPTED** in its entirety;

- **This case is DISMISSED with prejudice** as fantastical, frivolous, based on a delusional scenario, and meritless;

- All pending motions **[ECF Nos. 1, 32, 35, and 36] are DENIED;** and

- The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
November 6, 2024

---

[14] *See* Order Declaring Plaintiff Eric Christian a Vexatious Litigant and Imposing a Prefiling Injunction, at ECF No. 22 at n.4 in *Christian v. U.S.*, 2:24-cv-842-CDS-BNW (listing Christian's 20 pro se lawsuits in this district since 2013).

[15] *See* ECF No. 28 at 1 (collecting cases).

[16] The filings at ECF Nos. 29 & 30 are duplicative.

4